<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ABU H. TAHER, | Civil Action No. 19-16295 (SRC) |
| Plaintiff, |  |
|  | **OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Abu H. Taher ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 24, 2015. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on June 29, 2018, and the ALJ issued an unfavorable decision on November 5, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of November 5, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, the first being that an inference based on Plaintiff's completion of forms was not supported by substantial evidence. Plaintiff then makes several arguments that the ALJ erred in making the residual functional capacity determination in his weighting of certain pieces of evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff first challenges a single sentence in the ALJ's decision: "While his memory and concentration are impaired, the claimant has shown the ability to concentrate and persist sufficiently to independently complete voluminous documents and forms in connection with the instant application for supplemental security income" (hereinafter, the "Sentence.") (Tr. 18.) Plaintiff argues that the record contains no evidence of how Plaintiff's application to the Social Security Administration was completed; thus, the Sentence is not supported by substantial evidence. The Commissioner, in opposition, states: "The ALJ thus properly considered Plaintiff's ability to complete disability forms when evaluating the "paragraph B" criteria." (Def.'s Br. 12.) The Commissioner did not dispute Plaintiff's contention that the Sentence is not supported by substantial evidence. This Court finds that the Sentence is not supported by substantial evidence.

The problem for Plaintiff, however, in one word, is: Shinseki. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that he was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of

3

demonstrating that this error was material and prejudicial, Plaintiff makes two arguments about the Sentence error. The first is that it offends public policy, and the second is that it shows that the ALJ engaged in impermissible speculation. Neither of these arguments is even directed to satisfying the requirements of Shinseki. Plaintiff has failed to demonstrate that the Sentence error was material and prejudicial. The Court concludes that this is harmless error.

Plaintiff's next argument again concerns a single sentence written by the ALJ: "The claimant's testimony of feeling 'scared' and 'paranoid' in public, and thus rarely leaving home, is supported by the evidence of record." (Tr. 17.) Here, Plaintiff argues that the ALJ, having made this finding, erred by failing to include some limitation in the RFC and the hypothetical that gives greater weight to this finding. Plaintiff does not, however, formulate the limitation that he believes would have been appropriate. This argument fails both because it is so incomplete, and because it asks this Court to reweigh the evidence. Plaintiff ignores the fact that this sentence appeared as one element in a lengthy paragraph of discussion of Plaintiff's ability to interact with others. The ALJ considered a wide array of evidence before making the determination that Plaintiff has a moderate limitation in interacting with others. Plaintiff thus points to one sentence among many and argues that the ALJ should have weighted the evidence differently.

This argument cannot succeed because it asks this Court to reweigh the evidence, which it may not do. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016).   See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") Similarly, in the instant case, Plaintiff asks this Court to review this part of the residual functional capacity determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard.   42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")   Plaintiff has done no more here than point to the evidence that he believes deserved greater weight and ask the Court to reweigh the evidence.

Plaintiff next argues that, step four, the ALJ failed to sufficiently evaluate Plaintiff's vertigo.   Yet Plaintiff concedes that the ALJ did, in fact, consider the evidence of vertigo and did, in fact, include limitations in the RFC to reflect that evidence.   Plaintiff argues, nonetheless, that the ALJ failed to evaluate *all* of the limitations caused by the vertigo.   Plaintiff, however, points to no evidence of further limitations.   Plaintiff bears the burden of proof at step four.   In the absence of Plaintiff's mustering the evidence that would support further limitations, this Court has no basis to find that the ALJ erred.

Although Plaintiff concedes that the ALJ found moderate limitations in Plaintiff's ability to maintain concentration, persistence, and pace, and included limitations in the RFC, Plaintiff next argues that the ALJ needed to do more: Plaintiff contends that the determination is not "fully reviewable."   (Pl.'s Br. 33.)   This Court finds the ALJ's that the ALJ's decision is fully reviewable.

Next, Plaintiff argues that the record contains evidence that is contrary to the ALJ's findings about nonexertional limitations to the residual functional capacity determination. Plaintiff does not articulate why, under Third Circuit law, this shows any error.   The evidence in disability cases is rarely entirely in agreement, and it is the job of the ALJ to weigh the evidence and make determinations.   This Court then reviews the determination under the substantial evidence standard.   Plaintiff here has neither argued nor shown that the ALJ's nonexertional findings are not supported by substantial evidence.   The fact that the evidence of record is not unanimous, and that the record contains evidence which weighs against what the ALJ found, is not a sign that the ALJ erred.

Last, Plaintiff argues that the ALJ erred by not giving greater weight to Plaintiff's statements about his functioning in regard to the assessment of his ability to understand, remember, and apply information.   The ALJ reviewed Plaintiff's statements about his functioning at length on pages 19 and 20, and then presented his determination that Plaintiff's statements were not entirely consistent with the other evidence of record.   Plaintiff's argument challenges both the ALJ's credibility determination and his weighting of the evidence.   Plaintiff has failed to persuade the Court of any error.

As to the credibility determination, "the ALJ is empowered to evaluate the credibility of witnesses."   Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).   "Credibility determinations as to a claimant's testimony regarding pain and other subjective complaints are for the ALJ to make."   Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 765 (3d Cir. 2009). "Although any statements of the individual concerning his or her symptoms must be carefully considered, . . . the ALJ is not required to credit them, see 20 C.F.R. § 404.1529(a)."   Chandler

6

v. Comm'r of Soc. Sec., 667 F.3d 356, 363 (3d Cir. 2011).   Plaintiff has not persuaded the Court that the ALJ erred in the credibility determination.

As to Plaintiff's argument about the weighting of Plaintiff's statements, again, as already explained, this Court is not empowered to re-weigh the evidence.   This Court finds that the residual functional capacity determination is supported by substantial evidence.

Other than the one error that this Court has found to be harmless, Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: June 26, 2020